UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CHARLES DERBES and DENICE DERBES                                         PLAINTIFFS

V.                                                           CIVIL ACTION NO. 1:07CV07-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY                                      DEFENDANT

### ORDER

David Haddock, a non-party, has filed a [24] Motion for Review of an order entered by the United States Magistrate Judge in this and numerous cases with respect to production of a compact disc containing documents compiled by Haddock during the course and scope of his employment with Defendant State Farm Fire and Casualty Company (State Farm). The Court will enter separate orders in each case in which similar motions for review have been filed.

The subject disc contains documents that Haddock compiled and copied from his files as part of his assignment to adjust and supervise others in adjusting, on behalf of State Farm, insurance claims on the Mississippi Gulf Coast arising from Hurricane Katrina. Haddock turned the disc over to State Farm attorneys responding to a grand jury subpoena. However, Haddock argues that it is not the documents found on the disc that are subject to a claim of privilege or confidentiality, but rather the disc itself. Haddock goes so far as to contend that "[i]t is irrelevant whether any particular document copied onto the . . . disk is immune from discovery or is protected by any privilege. It is also irrelevant whether any document copied onto the disk is responsive to discovery requests made by a civil Plaintiff."

Plaintiffs counter that the Magistrate Judge's order required State Farm, not Haddock, to produce the disc, and that State Farm has not appealed the Magistrate's decision. Plaintiffs further point out that the documents were created by Haddock as a State Farm employee as part of his corporate assignment.

The Magistrate took precautions to protect the interests of all involved. He required State Farm to provide him a copy of the disc for *in camera* review to determine whether it should be produced. His Order noted that the documents on the disc "appear to be of limited relevance," but found that "relevancy is not a valid privilege against production of these documents." The Magistrate discussed the issues of work product (the documents were not compiled by a State Farm attorney, they did not reveal counsel's mental impressions, and there was no evidence "demonstrating that these documents were compiled in their present form in preparation for litigation"); attorney-client communications (no specific document on the disc constitutes such, and characterizing them in this fashion distorts what is properly meant by the concept); and grand jury secrecy (nothing demonstrated that the disc or its contents were part of the grand jury

investigation or placed before a grand jury; there was not even an indication "that the disk and its contents implicated the grand jury proceeding itself"; and "[w]ithout a more direct link between the disk and the grand jury proceedings, the Court will not shield its contents from discovery").

The Magistrate also allowed redaction from the documents of "any personal identifiers of insureds who are not represented by Plaintiffs' counsel." Critically, he restricted any questions to Haddock in a deposition to the documents produced from the disc.

While Haddock accuses Plaintiffs of a fishing expedition, it appears that he is engaging in his own version of hide-and-seek. His allegations are conclusory, and fail to establish, under the standard of Fed. R. Civ. P. 72(a), that the United States Magistrate Judge's order is clearly erroneous or contrary to law. The method for resolving the issue, and the resolution itself, are well within the Magistrate's discretion. The ultimate relevance of the documents, and their admissibility, remain to be determined, but their production will occur.

Accordingly, **IT IS ORDERED**:

The Order of the United States Magistrate Judge denying David Haddock's motion for protective order is **AFFIRMED**, and Defendant State Farm shall produce to Plaintiffs all documents on the subject compact disc (as redacted) within three (3) calendar days of the entry of this Order.

Haddock's [24] Motion for Review and request for a protective order are **DENIED**.

**SO ORDERED** this the 18th day of July, 2007.

                                                s/ L. T. Senter, Jr.
                                                L. T. SENTER, JR.
                                                SENIOR JUDGE